UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SANDRA HATFIELD, an individual; LAUREL ANTONUCCI, an individual; and MAUREEN PATRICIA MURPHY, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>DaVITA HEALTHCARE PARTNERS, INC.; and Does 1 through 50, inclusive,,<br><br>    Defendants. | Case No: C 13-5206 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>Dkt. 46 |

    Plaintiffs Sandra Hatfield ("Hatfield"), Laurel Antonucci ("Antonucci") and Maureen Patricia Murphy ("Murphy") bring the instant action against their former employer, DaVita Healthcare Partners, Inc.[1] ("Defendant"), alleging, inter alia, claims for disability discrimination, retaliation and intentional infliction of emotional distress ("IIED"). Antonucci has settled her claims with Defendant, leaving Hatfield and Murphy as the only remaining party-plaintiffs.

    The parties are presently before the Court on Defendant's Motion to Dismiss Third Amended Complaint for Damages Pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 46. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion to dismiss. The Court, in its

---

[1] According to Defendant, the proper party-defendant is Renal Treatment Centers—California, Inc., not DaVita Healthcare Partners, Inc. See Cha Decl. ¶ 1, Dkt. 46-1.

discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

Defendant operates kidney dialysis clinics throughout the United States, including one located in the Bel-Aire Plaza Shopping Center in Napa, California. Third Am. Compl. ("TAC"). ¶ 4, 10, 12, Dkt. 40. Hatfield and Murphy were employed as nurses at the Napa facility. Id. ¶¶ 10-12. Plaintiffs claim that while working at the clinic, "they experienced conditions which created an intolerable, hostile work environment because DaVita's facility operations were medically dangerous and unsafe" and were "rife with racial discrimination . . . ." Id. ¶ 13.

On October 4, 2013, Plaintiffs filed the instant action against Defendant in the Napa County Superior Court, alleging six state law causes of action for: (1) constructive discharge in violation of public policy (by Hatfield and Antonucci only); (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) retaliation, failure to prevent harassment, discrimination; (5) fraudulent inducement to accept employment (by Hatfield only); and (6) IIED.

On November 8, 2013, Defendant removed the action on the basis of diversity jurisdiction. Def.'s Not. of Removal, Dkt. 1. Defendant filed a motion to dismiss all causes of action (except the first claim for constructive discharge) for failure to state a claim, which the Court granted with leave to amend. Dkt. 23. Thereafter, Plaintiffs filed a First Amended Complaint on June 9, 2014, a Second Amended Complaint ("SAC") on July 17, 2014, and a TAC on August 29, 2014. Dkt. 24, 31, 40.[2] The TAC, which is the

---

[2] In its Order granting Defendant's motion to dismiss, the Court instructed that: "To avoid unnecessary motion practice, the parties shall meet and confer in good faith regarding the sufficiency of Plaintiffs' amended allegations in their forthcoming First Amended Complaint." Order at 16. Plaintiffs failed to comply with that Order. See Cha Decl. ¶ 2, Dkt. 46-1. After Plaintiffs filed their FAC, the parties met and conferred, at which time Defendant took the position that the amended pleadings did not rectify the deficiencies identified by the Court. Id. ¶ 3. Thereafter, Plaintiffs filed a SAC and TAC without prior leave of Court, in violation of Rule 15. Plaintiffs are cautioned that further transgressions of any applicable procedural rules may result in sanctions, up and including dismissal with prejudice under Rule 41(b).

operative pleading before the Court, alleges the following five state law causes of action: (1) constructive discharge in violation of public policy; (2) race and disability discrimination[3]; (3) failure to accommodate in violation of the Fair Employment and Housing Act; (4) retaliation; (5) fraudulent inducement to accept employment; and (6) IIED.

Defendant now moves to dismiss the second cause of action for discrimination, insofar as it is based on disability discrimination as to Murphy; the fourth cause of action for retaliation; and the sixth cause of action for IIED.  Dkt. 46.  The motion has been fully briefed and is ripe for adjudication.

## II.  LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'"  Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013) (quoting in part Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570 (2007)).  A complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference,

---

[3] The second cause of action consists of a claim of racial discrimination by all Plaintiffs and a claim for disability discrimination on behalf of Murphy only.  TAC ¶¶ 25-37.

and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

### III. DISCUSSION

#### A. DISABILITY DISCRIMINATION

FEHA makes it an unlawful employment practice to discriminate against any person because of a physical or mental disability. Cal. Gov. Code § 12940(a). To "prevail on a discriminatory discharge claim under section 12940(a), an employee bears the burden of showing (1) that he or she was discharged *because of* a disability, and (2) that he or she could perform the essential functions of the job with or without accommodation (in the parlance of the [ADA], that he or she is a qualified individual with a disability)." Liu v. City & Cnty. of San Francisco, 211 Cal.App.4th 962, 971 (2012) (internal quotations and citation omitted, emphasis added).

The pleadings allege that Murphy "qualifies as disabled under FEHA" based on a concussion she suffered after a fall at work, and was terminated "in part because of her . . . disability." TAC ¶¶ 13(D), 36, 37. These allegations are too conclusory to state a plausible claim for disability discrimination. As set forth in the Court's prior order, a plaintiff presenting a claim for employment discrimination must allege *facts* demonstrating, either directly or inferentially, a nexus between the employee's disability and the employer's adverse employment action. Dkt. 23 at 7-9. Despite that guidance, Plaintiffs allege only that Murphy has a disability and that she was terminated "in part" because of such disability. TAC ¶¶ 36, 37. Without facts to support the conclusion that Defendant terminated Murphy's employment *because of* her disability, this claim must fail. See

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Accordingly, the Court finds that Plaintiffs have failed to state a claim for disability discrimination as to Murphy and GRANTS Defendant's motion to dismiss Plaintiffs' second cause of action as to said claim.

### B.    RETALIATION UNDER FEHA

The anti-retaliation provision of FEHA prohibits employers from taking any adverse employment action against an employee who "has opposed any practices forbidden under [§ 12940] or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov't Code § 12940(h). "To state a claim of retaliation under FEHA, a plaintiff must show:  (1) he engaged in a protected activity, (2) he was subjected to an adverse employment action, and (3) there is a causal link between the protected activity and the adverse employment action." Rope v. Auto-Chlor Sys. of Wash., Inc., 220 Cal. App. 4th 635, 651 (2013).  An employee engages in "protected activity" where he or she "opposes conduct that ultimately is determined to be unlawfully discriminatory under the FEHA, [and] . . . when the employee opposes conduct that the employee reasonably and in good faith believes to be discriminatory, whether or not the challenged conduct is ultimately found to violate the FEHA." Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 1130-31 (2005).

In its prior order, the Court explained the factual allegations necessary to state a "plausible" claim for retaliation under FEHA:

> In sum, the allegations in support of Plaintiff's retaliation claim fail to provide Defendant with fair notice of the factual basis therefor.  To the extent that Plaintiffs intend to pursue a claim of retaliation, it is incumbent upon them to allege ***facts that specify the nature of the complaint or complaints made to Defendant by each Plaintiff, the adverse employment action resulting from making such complaint, and facts from which it may be plausibly inferred that the adverse employment action is linked to those complaints***.  Given the absence of such allegations in the Complaint, Plaintiffs' cause of action for retaliation is DISMISSED with leave to amend.

Dkt. 23 at 12 (emphasis added).

Plaintiffs now allege that Defendant retaliated against them for complaining about medically unacceptable practices, the mistreatment of Caucasians by Filipino employees, and various "intolerable" working conditions.  TAC ¶¶ 13(A), (B), (C), 53.  As before, however, the TAC fails to specify *which* Plaintiff made each complaint or *when* it was allegedly made.  Instead, Plaintiffs merely claim that on "numerous occasions" they made complaints to unidentified "supervisors and other persons of authority."  Id. ¶ 53.  Also absent are any factual allegations from which it can be inferred that a causal link exists between Plaintiffs' alleged protected activity and any adverse employment action.  See Rope, 220 Cal. App. 4th at 651.

Accordingly, the Court finds that Plaintiffs have failed to state a claim for retaliation and GRANTS Defendant's motion to dismiss Plaintiffs' fourth cause of action.

### C.     IIED

A claim for IIED requires "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Davidson v. City of Westminster, 32 Cal.3d 197, 209 (1982).  The conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community."  Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 1001 (1993) (internal quotations omitted).

The Court previously dismissed Plaintiffs' IIED claim based on Plaintiffs' failure to specify the conduct alleged to be extreme and outrageous, or otherwise allege facts establishing that such conduct was directed at them in particular.  Dkt. 23 at 14-15.  In their TAC, Plaintiffs now aver that Defendant engaged in extreme and outrageous conduct by failing to adequately address their complaints regarding patient care, mistreatment by Filipino employees, and "generally intolerable conditions."  TAC ¶¶ 73 (citing TAC ¶ 13(A)-(C)).  These allegations are insufficient to show extreme and outrageous conduct. See Davidson v. City of Westminster, 32 Cal.3d 197, 210 (1982) (dismissing IIED claim where Plaintiff had "not alleged that the officers acted (or failed to act) as they did for the

purpose of causing emotional injury" and where "the officers' conduct did not rise to the level of outrageous conduct so extreme as to exceed all bounds of that usually tolerated in a civilized community") (internal citation omitted).

Even if Plaintiffs had alleged outrageous conduct, insufficient facts are alleged demonstrating that such conduct was intentionally directed at them, or that they suffered severe emotional distress as a result. To sustain an IIED claim, the defendant "must have engaged in 'conduct intended to inflict injury or engaged in with the realization that injury will result.'" Christensen v. Super. Ct., 54 Cal.3d 868, 903 (1991) (quoting Davidson v. City of Westminster, 32 Cal.3d 197, 209 (1991)). Here, Plaintiffs merely allege that Defendant "knew [of] the conditions experienced by Plaintiffs and nonetheless, took virtually no effective action to remedy the conditions." TAC ¶ 74. Without more, these conclusory allegations fail to state a plausible claim for IIED. See Davidson, 32 Cal.3d at 210 (1982) ("[t]he tort calls for intentional, or at least reckless conduct—conduct intended to inflict injury or engaged in with the realization that injury will result.").

Finally, Plaintiffs have failed to adequately allege that they suffered severe or extreme emotional distress. In an entirely vague manner, Plaintiffs allege that they suffered "depression, fear and anxiety about their jobs and lives." TAC ¶ 78. The California Supreme Court and Ninth Circuit have held that these types of amorphous claims of emotional distress are insufficient to demonstrate that the plaintiff suffered severe emotional distress. See Hughes v. Pair, 46 Cal.4th 1035, 1051 (2009) ("[P]laintiff's assertions that she has suffered discomfort, worry, anxiety, upset stomach, concern, and agitation as the result of defendant's comments to her . . . do not comprise 'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it.'") (citation omitted); Lawler v. Montblanc N.A., LLC, 704 F.3d 1235, 1246 (9th Cir. 2013) (holding that the plaintiff's "anxiety, sleeplessness, upset stomach, and . . . muscle twitches" did not rise to the level of severe emotional distress); see also Hamilton v. Prudential Fin., No. 2:07-cv-00944-MCE-DAD, 2007 WL 2827792, at *4 (E.D. Cal. Sept. 27, 2007) (finding allegations that the plaintiff

suffered from "'depression,' 'frustration,' 'nervousness and anxiety,'" were "conclusory statements [that] lack the necessary specific facts to show their nature or extent" to support a cause of action for IIED).

Accordingly, the Court finds that Plaintiffs have failed to state a claim for IIED and GRANTS Defendant's motion to dismiss Plaintiffs' sixth cause of action.

### D. LEAVE TO AMEND

"Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011). Leave to amend also need not be granted where the plaintiff has been afforded prior opportunities to amend. See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (internal quotations and citations omitted).

The Court, in its discretion, finds that further leave to amend is not warranted. In its prior order adjudicating Defendant's motion to dismiss, the Court identified the flaws in the original Complaint and type of factual allegations necessary to rectify those deficiencies. In addition, prior to filing the TAC, Plaintiffs were informed by Defendant of the reasons it believed that their three amended complaints failed to adequately state claims for disability discrimination (as to Murphy), retaliation and IIED. Cha Decl. ¶¶ 3-5, Dkt. 46-1. Despite that guidance, Plaintiffs' allegations with respect to the aforementioned claims remain conclusory. In addition, Plaintiffs' opposition presents no new potential factual allegations in response to Defendant's motion, and merely takes the position that the TAC, as alleged, is sufficient. Given the record presented, the Court is therefore persuaded that granting further leave to amend would be futile. See Gardner v. Martino, 563 F.3d 981, 991 (9th Cir. 2009) (holding that the district court did not abuse its discretion in denying leave to amend where plaintiff "did not propose any new facts or legal theories for an amended complaint and therefore gave the Court no basis to allow an amendment.").

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT Defendant's motion to dismiss certain of the claims of the TAC is GRANTED.  Plaintiffs' second cause of action for disability discrimination as to Murphy, fourth cause of action for retaliation, and sixth cause of action for IIED are DISMISSED without leave to amend.

IT IS SO ORDERED.

Dated:  1/7/15

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge